IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAY FITTING and MICHELLE FITTING, husband and wife, individually and as guardians ad litem for CIARA RENE FITTING,<br><br>    Plaintiffs,<br><br>v.<br><br>DELL, INC., a foreign corporation; DELL CATALOG SALES USA, L.P.; DELL FINANCIAL SERVICES, L.P.; DELL MARKETING, L.P.; DELL MARKETING USA, L.P.; and DOES I though X,<br><br>    Defendants. | Case No. CV 06-23-S-LMB<br><br>**MEMORANDUM DECISION AND ORDER** |

Currently pending before the Court is the Dell Defendants' Motion for Summary Judgment (Docket No. 26). Having carefully reviewed the record, considered oral arguments, and otherwise being fully advised, the Court enters the following Order.

## I.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs allege that on or about December 18, 2002, the employer of Plaintiff, Michelle Fitting, purchased a laptop computer and associated equipment for Michelle Fitting's use at home. *Complaint*, ¶ VI (Docket No. 1-5). Plaintiffs further allege that the laptop computer caused a fire in the Fitting home on October 23, 2003 due a malfunctioning alternating current adaptor. *Id.* at ¶ IX.

MEMORANDUM DECISION AND ORDER- 1

Plaintiffs allege in the Complaint that the laptop caused the fire, because the "point of origin" of the fire "has been ascertained to be the precise spot where the computer and adaptor in question were located." *Id.*  In addition, Plaintiffs allege that they received a "recall notice" from Defendants indicating that malfunctioning and/or defective alternating current adaptors could cause fire[1] and no other cause for the fire could be ascertained.  *Id.* at ¶¶  X, XI.

On October 12, 2005, Plaintiffs Ray and Michelle Fitting (individually and as guardians ad litem for Ciara Rene Fitting) filed a Complaint against Dell, Inc.; Dell Catalog Sales USA, L.P.; Dell Marketing, L.P.; and Dell Marketing USA, L.P. (collectively, the "Dell Defendants") and Does I through X in the District Court of the Second Judicial District of the State of Idaho, in and for the County of Nez Perce (Docket No. 1-5).  The Dell Defendants were served with the Complaint on January 3, 2006 and filed a timely Notice of Removal (Docket No. 1) to the United States District Court for the District of Idaho on January 20, 2006.

## II.

### STANDARD OF REVIEW

Motions for summary judgment are governed by Federal Rule of Civil Procedure 56, which provides, in pertinent part, that judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

---

[1] Whether the recall notice applied to Plaintiffs' laptop and adaptor is disputed.  *See Brad Dixon Affidavit*, ¶¶  3-4 (Docket No. 26-4); *Affidavit of Michelle Fitting*, p. 2 (Docket No. 27).

**MEMORANDUM DECISION AND ORDER- 2**

An issue is "material" if it affects the outcome of the litigation. *Hahn v. Sargent*, 523 F.2d 461, 464 (1st Cir. 1975). A material fact is

> one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. The materiality of a fact is thus determined by the substantive law governing the claim or defense. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.

*T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)).

An issue is "genuine" when there is "sufficient evidence supporting the claimed factual dispute . . . to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Hahn*, 523 F.2d at 464 (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)). Accordingly, "[a] mere scintilla of evidence supporting the non-moving party's position is insufficient; there must be evidence on which a jury could reasonably find for the nonmoving party." *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Likewise, "mere allegation and speculation do not create a factual dispute for purposes of summary judgment." *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081–82 (9th Cir. 1996) (citing *Witherow v. Paff*, 52 F.3d 264, 266 (9th Cir. 1995)). Further, because factual disputes are to be resolved at trial, in ruling on summary judgment motions, the Court does not resolve conflicting evidence with respect to disputed material facts, nor does it make credibility determinations. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. Moreover, all inferences must be drawn in the light most favorable to the nonmoving party. *Id.* at 631.

**MEMORANDUM DECISION AND ORDER- 3**

The initial burden is on the moving party to show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Steckl v. Motorola, Inc.*, 703 F.2d 392, 393 (9th Cir. 1983); Fed. R. Civ. P. 56(c). If the moving party meets its initial burden, the nonmoving party must "produce 'specific facts showing that there remains a genuine factual issue for trial' and evidence 'significantly probative' as to any [material] fact claimed to be disputed." *Steckl*, 703 F.2d at 393 (quoting *Ruffin v. County of L.A.*, 607 F.2d 1276, 1280 (9th Cir. 1979)).

## III.

## DISCUSSION

### A.   Sufficiency of Affidavit in Opposition

Plaintiffs filed only an affidavit in opposition to summary judgment. *See Affidavit of Michelle Fitting in Opposition to Defendant's Motion for Summary Judgment* (Docket No. 27). Defendants argue that this response is not sufficient to preclude granting the motion. *Reply Memorandum in Support of Summary Judgment*, p. 2 (Docket No. 29).

Pursuant to District of Idaho Local Civil Rule 7.1, a party opposing a motion must file a responsive brief and statement of facts in dispute. "The responding party must serve and file a response brief, not to exceed twenty (20) pages, within twenty-one (21) days after service upon the party of the memorandum of points and authorities of the moving party." Dist. Idaho Loc. Civ. R. 7.1(c)(1). In addition, on summary judgment, "[t]he responding party shall file a statement of facts which are in dispute not to exceed ten (10) pages in length." Dist. Idaho Loc. Civ. R. 7.1(c)(2).

**MEMORANDUM DECISION AND ORDER- 4**

Failure to file a required response can have dire consequences:

> In the event an adverse party fails to file any response documents required to be filed under this rule in a timely manner, such failure may be deemed to constitute a consent to the sustaining of said pleading or the granting of said motion or application. In addition, the Court, upon motion or its own initiative, may impose sanctions in the form of reasonable expenses incurred, including attorney fees, upon the adverse party and/ or counsel for failure to comply with this rule.

Dist. Idaho Loc. Civ. R. 7.1 (e).

In the instant case, Plaintiffs did not file either a memorandum in opposition to summary judgment or a statement of disputed facts. While such briefing is required under the District of Idaho Local Rules, it is clear in the instant case from the *Affidavit of Michelle Fitting* (Docket No. 27) and counsel's opposition stated at the hearing that Plaintiffs do not consent to summary judgment. Certainly a memorandum of law and statement of disputed facts as required would aid the Plaintiffs' case and be helpful to both the Court and opposing counsel in better understanding Plaintiffs' position; however, the failure to make those filings will not be deemed a consent to granting summary judgment in Defendants' favor. Such a drastic penalty is not required at this time and under the existing circumstances.

Moreover, the Court would not grant Defendants' summary judgment without first determining whether they have met their burden and affirmatively shown that summary judgment is warranted. "[A] non-moving party's failure to comply with local rules does not excuse the moving party's affirmative duty under Rule 56 to demonstrate its entitlement to judgment as a matter of law. *Martinez v. Stanford*, 323 F.3d 1178, 1183 (9th Cir. 2003).

**MEMORANDUM DECISION AND ORDER- 5**

**B.     Motion for Summary Judgment**

Plaintiffs' claims are based on Idaho products liability law and appear to include the following causes of action: (1) negligence based on manufacturing or design defect; (2) strict liability; and (3) breach of warranty.[2]  *Complaint*, ¶ XII (Docket No. 1-5).  Although each of these claims has a distinct set of elements, all require proof of: (1) an injury; (2) caused by a defective or unsafe product; and (3) the defect existed when the product left the control of the manufacturer.  *Farmer v. Int'l Harvester Co.*, 97 Idaho 742, 746-47, 553 P.2d 1306 (1976) (citing *Henderson v. Cominco American, Inc.*, 95 Idaho 690, 696, 518 P.2d 873, 880 (1973)).

Defendants seek summary judgment on all of Plaintiffs' claims on the grounds that "Plaintiffs have not established that a design or manufacturing defect of the laptop existed at the time the laptop left the control of defendants or that any alleged . . . defect caused the structure fire."  *Memorandum in Support of Summary Judgment*, p. 2 (Docket No. 26-2).  Defendants take issue with the circumstantial nature of Plaintiffs' evidence, Plaintiffs' alleged spoliation of the laptop as evidence, and the sufficiency of the expert witness testimony.  *Id.* at pp. 4 -9.

**1.     Evidence of Defect**

Determining whether a product is defective is generally left to the trier of fact.  *Complaint of Diehl*, 610 F. Supp. 223, 226 (Idaho 1985).  However, where the facts are undisputed and only one conclusion may be reasonably drawn from them, these determinations become questions of law."  *Id.*

---

[2]  Though not addressed by the parties, it would appear that the breach of warranty claim at issue in this case is a products liability claim sounding in tort, which is essentially the same as a strict liability action.  *See Oats v. Nissan Motor Corp. in U.S.A.*, 126 Idaho 162, 879 P.2d 1095 (1994) (citing RESTATEMENT (SECOND) OF TORTS § 402A (1965)).

**MEMORANDUM DECISION AND ORDER- 6**

A product can be defective based on its design, manufacture, or failure to warn. *See Sun Valley Airlines, Inc. v. Avco-Lycoming Corp.*, 411 F. Supp 598, 601 n.1 (Idaho 1976) (applying Idaho law). "[A] product is defective when it exposes a user or bystander to an unreasonable risk of physical injury." *Puckett v. Oakfabco, Inc.*, 132 Idaho 816, 822, 979 P.2d 1174, 1179 (1999).

Circumstantial evidence may be used to determine whether a product is defective. "While direct evidence of identifiable defect is the strongest evidence of a product's defective condition, such evidence of a defect in a product which was present when it left the manufacturer's control will be rare and unusual." *Stanley v. Lennox Industries, Inc.*, 140 Idaho 785, 788, 102 P.3d 1104, 1107 (2004). Moreover, "a plaintiff need not prove a *specific* defect to carry his burden of proof." *Id.* (emphasis added); *see also Murray v. Farmers Ins. Co.*, 118 Idaho 224, 227, 796 P.2d 101, 104 (1990). Rather, evidence of malfunction can be circumstantial evidence of a defective condition. *Mortenson v. Chevron Chemical Co.*, 107 Idaho 836, 839, 693 P.2d 1038, 1042 (1984). However, where the evidence of malfunction is circumstantial in nature, the claimant must be able to exclude the possibility of other reasonably likely sources. *Id.*

> In other words, if the plaintiff cannot prove that a specific defect caused the accident, it will suffice if it can be shown that the product malfunctioned, and that there are no other reasonable likely causes of the malfunction. This showing leads to the inference that some defect caused the malfunction, and satisfies the plaintiff's burden of proof.

*Murray v. Farmers Ins. Co.*, 118 Idaho at 227, 796 P.2d at 104.

In the instant case, Plaintiffs essentially argue that the laptop malfunctioned due to a defect that caused a fire at the Fitting's home and the fire itself is the circumstantial evidence of malfunction. Therefore, in order to prove that the product was defective, Plaintiffs must

**MEMORANDUM DECISION AND ORDER- 7**

demonstrate that the laptop caused the fire in their home and that there is no other reasonable explanation for the fire.

Plaintiffs rely on the following circumstantial evidence to support their contention that the laptop caused the fire: (1) an expert report indicating that the fire's point of origin was consistent with the location of the laptop; (2) the laptop was the only appliance in the room that was plugged in and located at the point of origin of the fire; and (3) the laptop adaptor was the subject of a recall notice because of its tendency to over-heat and cause fires.[3]  *Affidavit of Michelle Fitting*, p. 2 (Docket No. 27).  According to Plaintiffs, "[t]here simply was nothing in the room which would have started the fire other than the laptop and the adaptor."  *Id.*

In addition, the initial Lewiston Fire Department Report indicates that Plaintiffs stated at the time of the fire that the point of origin was the desk top in the computer room.  Ex. A, *Brad Dixon Affidavit*, p. 4 (Docket No. 26-5).  That report also indicates that the fire's point of origin was the northwest corner of the computer desk.  Ex. B, *Brad Dixon Affidavit*, p. 1 (Docket No. 26-5).  Further, Plaintiffs have testified as to the location of the flames at the time of the fire and the condition of the laptop and adaptor after the file.  *See* Ex. F, *Brad Dixon Affidavit*, Michelle Fitting Deposition, 23:23 - 25:4 (Docket No. 26-7); Ex. G, *Brad Dixon Affidavit*, Ray Fitting Deposition, 15:1-8, 19:12-23 (Docket No. 27-7); (Docket No. 26-7); *Affidavit of Michelle Fitting*, pp. 2-3 (Docket No. 27).

---

[3]  Defendants question the veracity of this evidence and dispute whether the laptop in question was subject to the recall notice.  *Memorandum in Support of Summary Judgment*, p.5, n. 2 (Docket No. 26-2).

**MEMORANDUM DECISION AND ORDER- 8**

This evidence, though obviously circumstantial, is sufficient to create a genuine issue of fact regarding a product defect provided that there were no other reasonably likely sources of the fire. *See Farmer v. Int'l Harvester Co.*, 97 Idaho at 749, 553 P.2d at 1113. Defendants argue that the following could have been possible causes of fire: a monitor, scanner, printer, and two or three lamps. *Defendants' Statement of Undisputed Facts*, ¶ 13 (Docket No. 26-3). Plaintiffs do not dispute that the monitor and scanner were in the room but contend that the monitor was not plugged in and the scanner remained in the box. *Affidavit of Michelle Fitting*, p. 2 (Docket No. 27). Further, while Plaintiffs admit that it is possible that a printer was plugged in, they contend that the printer was not located near the point of origin of the fire. *Id.*

With regard to the lamps in the room, there appears to be a material dispute of fact as to whether any lamps were located in the office at the time of the fire. Plaintiffs' daughter, Ciara Fitting, testified that she remembered that there "might" have been one or two lamps in the room. Ex. H *Brad Dixon Affidavit*, Ciara Fitting Deposition 11:1-6 (Docket No. 26-4). In addition, the insurance company documented that there were three lamps in the office sometime after the fire. Ex. E, *Brad Dixon Affidavit*, p. 38 (Docket No 26-6). However, Michelle Fitting stated at her deposition that there were no lamps in the room. *See* Ex. F, *Brad Dixon Affidavit*, Michelle Fitting Deposition, 26:18-25 (Docket No. 26-7). Ms. Fitting's statement creates a material dispute of fact that the lamps were a possible source of fire and that testimony could be sufficient for a trier of fact to exclude the lamps as reasonably likely sources of the fire.

Because there is sufficient evidence in the record to both support a finding that the lap-top and adaptor caused the fire in question, and to exclude other, reasonably likely sources of the fire, summary judgment is inappropriate and cannot be granted at this time.

**MEMORANDUM DECISION AND ORDER- 9**

  2. **Spoliation**

It is undisputed that the laptop and power adaptor were not saved but were disposed after the fire. *Affidavit of Michelle Fitting*, pp. 2-3 (Docket No. 27); *Defendants' Statement of Undisputed Facts*, ¶ 11 (Docket No. 26-3). Defendants argue that they are entitled to an inference that the laptop would have exonerated Defendants, because Plaintiffs destroyed the laptop. *Memorandum in Support of Summary Judgment*, p. 6 (Docket No. 26-2).

Defendants cite to Idaho case law regarding spoliation. *Memorandum in Support of Summary Judgment*, p. 6 (Docket No. 26-2). Under Idaho law, "the doctrine of spoliation provides that when a party with a duty to preserve evidence intentionally destroys it, an inference arises that the destroyed evidence was unfavorable to that party." *Courtney v. Big O Tires, Inc.*, 139 Idaho 821, 824, 87 P.3d 930, 933 (2003). The reason behind the rule is that "it is unlikely that a party will destroy favorable evidence." *Id.*

Though unreported, there is also case law in this District suggesting that spoliation is a procedural issue requiring application of federal law as follows:

> The legal standards governing sanctions for spoliation depend on the timing of the spoliation. If the spoliation occurs before the litigation is filed, the sanctions are governed by the inherent power of the Court to make evidentiary rulings in response to the destruction of relevant evidence. *See Unigard Security Ins. Co. v. Lakewood*, 982 F.2d 363 (9th Cir. 1992). If, however, the spoliation occurs after the case is filed, Rule 37(b)(2) governs the sanctions. *Id.*
>
> A party engages in spoliation as a matter of law only if they had some notice that the documents were potentially relevant to the litigation before they were destroyed. *See U.S. v. Kitsap Physicians Service,* 314 F.3d 995, 1001 (9th Cir. 2002). This requires notice that the documents are relevant to the litigation. *See Akiona v. U.S.*, 938 F.2d 158 (9th Cir. 1991). Spoliation can occur even in the absence of bad faith. *See Glover v. Bic Corp.*, 6 F.3d 1318 (9th Cir. 1993).

*Performance Chevrolet, Inc. v. Market Scan Information Systems, Inc.*, 2006 WL 1042359.

**MEMORANDUM DECISION AND ORDER- 10**

"[P]re-litigation destruction can constitute spoliation when litigation was 'reasonably foreseeable' but not where it was 'merely possible.'" *Id.*

Here, it is not disputed that the burnt lap-top was disposed of prior to litigation. Plaintiffs allege that they did not consider litigation when the laptop and adaptor were removed and destroyed. *Affidavit of Michelle Fitting*, pp. 2-3 (Docket No. 27). Further, such removal occurred as part of the general clean-up and restoration of the property. *Id.* at 3. Apparently, Plaintiffs did not consider litigation until they received a recall notice from Dell indicating that the adaptor could potentially over-heat and cause a fire. *Id.*

Sanctions are not warranted at this time on these facts. Moreover, even if an evidentiary presumption was warranted at this stage in the proceedings, as Defendants urge, such a presumption would not impact the Court's decision on summary judgment. Rather, an evidentiary presumption is for the trier of fact to consider when making a decision on the evidence.

### 3. Expert Testimony

Defendants argue that Plaintiffs cannot demonstrate either a defect or that the defect caused the fire, because Plaintiffs lack expert witness testimony on this issue. *Memorandum in Support of Summary Judgment*, pp. 6-7 (Docket No. 26-2). Defendants argue that an expert is necessary in product-defect cases, "because determining whether a defect exists and whether it caused the result depends on technical and complex facts and information that are well beyond the ordinary understanding of a layperson." *Id.* at 7.

In order to demonstrate that a malfunction occurred, a plaintiff will typically "rely upon circumstantial evidence and the inferences arising therefrom based on expert testimony on the

**MEMORANDUM DECISION AND ORDER- 11**

condition of the product after the accident." *Stanley v. Lennox Industries, Inc.*, 140 Idaho at 788, 102 P.3d at 1107.  However, "a malfunction may be established based on the testimony of the user alone, without the benefit of expert testimony." *Id.* at 228-29; 796 P.2d at 105-06.  "[A]n integral part of the proof involves negating other reasonable causes of the accident." *Id.*

In the instant case, Plaintiffs' case does not depend on highly technical matters.  Rather, Plaintiffs have disclosed Perry L. Stipp, Fire Investigator for the Lewiston Fire Department, as an expert witness regarding the origin of the fire and how it started.  *See Expert Witness Disclosure* (Docket No. 24).  Plaintiffs then rely upon direct testimony that would eliminate the other reasonable causes of the fire.  Such evidence does not require expert testimony, as it does not appear to require special skill or expertise outside the normal experience of the average juror.  *Cf. Jensen v. Am. Suzuki Motor Corp.*, 136 Idaho 460, 464-65, 35 P.3d 776, 780-81 (2001) (holding expert testimony necessary for plaintiff to prove prima facie case when facts and evidence outside experience of average juror).  Therefore, the case will not be dismissed at this stage of the proceedings on the basis that Plaintiffs do not have an expert to opine how the laptop or adaptor malfunctioned.

### 4.   Analysis of Non-Binding Case Law

Defendants have emphasized the similarities between this case and three federal district court decisions from the Western District of Pennsylvania arguing that such analysis would lead to summary judgment for Defendants.  *See Sur-Reply Memorandum in Support of Dell Defendants Motion for Summary Judgment* (Docket No. 33).  These decisions are not binding on this court; however, upon careful consideration of these cases, the analysis applied there mirrors

Idaho law and may actually support the decision to deny Defendants' motion for summary judgment here.

The first case involved a fire allegedly caused by a television set. *Pappas v. Sony Electronics, Inc.*, 136 F.Supp.2d 413 (W.D. Pa. 2000). The *Pappas* case is inapposite because there were two potential sources of the fire: a television and VCR located one on top of the other and plugged into the same outlet. *Id.* at 415-16. Therefore, plaintiffs relied upon expert testimony to establish that the television, and not the VCR, caused the fire. *Id.* Because the district court found this expert testimony was not based upon a reliable methodology, the testimony was inadmissible under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). *Id.* at 421-22. Without sufficient testimony to determine whether the television or VCR caused the fire, plaintiffs' case could not survive summary judgment. *Id.* at 427.

Similarly, in *Booth v. Black & Decker, Inc.*, the district court was presented with a products liability case involving a fire allegedly caused by a toaster oven. *See* 166 F. Supp. 2d 215 (2001). In *Booth*, plaintiffs relied upon expert testimony to demonstrate that the toaster oven rather than a microwave caused the fire. Again, the district court found that the expert could not meet the *Daubert* methodology requirements and the testimony was therefore inadmissible. *Id.* at 219-21. Without expert testimony that court held that plaintiffs could not survive summary judgment, as it was not clear whether the toaster oven or microwave caused the fire. *Id.* at 222-23.

In these cases, expert witness testimony was relied upon in order to prove causation, because there were two potential sources of the fire in question. Expert testimony was necessary there to prove that one product rather than the other was the source of the fire. In contrast, the

**MEMORANDUM DECISION AND ORDER- 13**

testimony presented here in the instant action is that there were no other reasonable sources, not because the experts tested other appliances, but because the lay witnesses testify that nothing else was plugged into an outlet at the location where the fire started.

The case most similar to the instant case is *Stephenson v. Sunbeam Products, Inc.*, 2008 WL 597187 (W.D. Pa. 2008). In *Stephenson*, the plaintiff survived a summary judgment challenge as to whether an electric blanket caused a fire. Notably, there were no other reasonable causes of the fire. Thus, the defendant argued that there was insufficient evidence to demonstrate that the blanket was turned "on" at the time of the fire, and the parties did not dispute that the blanket had to be turned "on" in order to demonstrate that a malfunction occurred. The district court denied summary judgment based on evidence that certain burn marks, referred to as "arcing," were sufficient to support the argument that the electric blanket was energized at the time of the fire and caused the malfunction at issue. *Id.* at 9. Such evidence is circumstantial in nature. However, in *Stephenson*, there were no other reasonable alternative causes of the fire necessary to discount in order to survive summary judgment.

Similarly, in this case, the evidence, though modest, is sufficient to withstand granting the summary judgment motion. While the evidence supporting the allegation that the lap-top and adaptor caused the fire is circumstantial in nature, for the purposes of the instant motion for summary judgment, there is sufficient evidence to exclude other, identified reasonably possible causes.

**MEMORANDUM DECISION AND ORDER- 14**

IV.

CONCLUSION

There is sufficient evidence in the record to withstand summary judgment on the issue of product defect.  First, Plaintiffs may rely upon circumstantial evidence of a defect, because they have provided evidence, although modest, that raises a genuine issue of material fact to exclude other reasonable sources of the fire.  Second, because the lap-top and adaptor were disposed of prior to litigation at a time when litigation was not foreseeable, there is no spoliation finding for the purposes of this Rule 56 motion.  Third, for purposes of the summary judgment analysis, expert witness testimony is not required to prove causation on the facts presented in this case.  In light of the foregoing, summary judgment is not appropriate on the issue of product defect at this stage in the proceedings.

V.

ORDER

It is hereby ordered that Defendants' Motion for Summary Judgment (Docket No. 26) is DENIED.

DATED: **May 21, 2008**.

_____
Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER- 15**